UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>      Plaintiff,<br><br>      v.<br><br>ABILITY OPTO-ELECTRONICS TECHNOLOGY CO. LTD., LTD.; NEWMAX TECHNOLOGY CO., LTD.; AND HP INC.<br><br>      Defendants. | CASE NO.: 4:19-CV-00696-ALM |

**DEFENDANT HP INC.'S ANSWER AND DEFENSES TO COMPLAINT**

Defendant HP Inc. ("HP") answers Plaintiff Largan Precision Co., Ltd.'s ("Largan") Complaint as follows using the same headings and numbering as in the Complaint. In response to all paragraphs of the Complaint, HP denies each and every allegation except as expressly admitted herein. HP's answers are based on HP's investigation to date. HP reserves the right to amend or supplement its Answer and Defenses to Complaint in accordance with this Court's scheduling order should HP discover new, relevant facts or information during the course of its continued investigation of this matter.

**ANSWER**

**THE PARTIES**

1.    HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

2.    HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

3. HP admits that the four patents are U.S. Patent No. 7,274,518 ("the '518 Patent"); U.S. Patent No. 8,395,691 ("the '691 Patent"); U.S. Patent No. 8,988,796 ("the '796 Patent"); and U.S. Patent No. 9,146,378 ("the '378 Patent") (collectively "the patents-in-suit").

4. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

5. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

6. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

7. HP admits to being a Delaware corporation with its principal place of business located at 1501 Page Mill Road, Palo Alto, California 94304.

**JURISDICTION AND VENUE**

8. HP admits that the Complaint asserts a patent infringement claims under the laws of the United States, Title 35 of the United States Code.

9. HP admits that this Court has subject-matter jurisdiction over this action.

10. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

11. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

12. HP denies that it has offered to sell or is selling products that infringe the patents-in-suit in Texas or any state. HP admits that it sells and offers for sell HP products in Texas, but denies that these HP products infringe the patents-in-suit. HP admits that it is registered to do

business in the State of Texas and has appointed CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201, as its agent for service of process.

13.     HP denies having committed patent infringement in this District. HP also denies having or soliciting customers in this District who purchase, acquire, or use infringing HP products. HP admits to having offices in Plano, Texas. HP admits that authorized service centers exist in Plano, Texas, and McKinney, Texas, but denies that such centers are owned or operated by HP.

14.     HP admits that venue is proper in this District but reserves the right to challenge venue on convenience grounds under 28 U.S.C. § 1404.

15.     HP denies that joinder is proper in this case. HP denies that Largan has any right to relief against it. HP also denies that any right to relief that Largan alleges it has against HP arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the claims against the other Defendants in this action. HP also denies that there are common questions of facts sufficient to warrant joinder in this action.

## BACKGROUND

16.     HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

17.     HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

18.     HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

19.     HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

20. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

21. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

22. HP admits that it was contacted by Largan in 2013, and that various infringement allegations were made against AOET at that time. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5). HP reserves the right to amend its answer to Paragraph 22 in the event that further investigation reveals a record of this purported communication.

23. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

24. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

25. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

26. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

27. HP denies that any of its HP products sold in the United States incorporate lenses that infringe the patents-in-suit.

28. HP lacks knowledge or information sufficient to form a belief about the truth of Largan's allegations as to its own investigation, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5). HP admits that Largan contacted HP in March 2019 alleging that various HP products infringed Largan's patents. HP also admits that, in March 2019, Largan provided HP

with CT scans of suspected AOET lenses and an element-by-element comparison of the lenses in various HP products with Largan's patents but denies that Largan identified AOET as the maker of the suspected lenses. HP denies that any HP product with an infringing lens was sold in the United States. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

29. HP lacks knowledge or information sufficient to form a belief about the truth of Largan's allegations as to its own investigation, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5). HP admits that on April 3, 2019, Largan contacted HP alleging that certain models of HP Elitebooks, as well as other HP products, infringed the '378 Patent. HP admits that two ZBook products were mentioned in this communication. HP denies that any of its HP products sold in the United States infringe any of the patents-in-suit.

30. HP admits that it communicated with Largan in the following months. HP denies that AOET or any of Largan's direct competitors were supplying infringing lenses to be used in certain HP products sold in the United States. HP denies that any of its HP products sold in the United States contain lenses that infringe on the patents-in-suit.

31. HP lacks knowledge or information sufficient to form a belief about the truth of Largan's allegations regarding its communications with AOET, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5). HP denies that any HP products sold in the United States infringe on the patents-in-suit.

32. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

33. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

34. HP admits that Largan asked HP to identify the AOET lens models used in the identified HP products and for additional information identifying the lens supplier for the HP products containing multiple cameras.

35. HP admits that HP referred Largan to AOET for details about AOET lens models. HP denies that the lens models used in HP products is information that it has in its possession.

36. HP admits that it was copied on certain communications between AOET and Largan referring to Largan's understanding of the HP products and AOET components Largan accuses of infringing the patents-in-suit. HP lacks knowledge or information sufficient to form a belief about the truth of being copied on all communications between AOET and Largan. HP denies that any HP products sold in the United States infringe on Largan's patents.

37. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

38. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

39. HP admits that it was copied on Largan's infringement notice sent to GM@newmax.com. HP lacks knowledge or information sufficient to form a belief as to whether Newmax received the e-mail or if that is a valid Newmax e-mail address. HP denies that it has any information regarding the product models Largan allege infringe its patents.

40. HP denies that it is engaging in ongoing and willful infringement of Largan's intellectual property. HP lacks knowledge or information sufficient to form a belief about the

truth of the allegations regarding whether Largan has United States patent rights, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,274,518

41. HP incorporates by reference its responses in Paragraphs 1-40 as if fully restated in this paragraph.

42. HP admits that the '518 Patent is entitled "Optical System for Taking Image," and was issued on September 25, 2007. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

43. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

44. HP denies the allegations of Paragraph 44.

45. HP denies the allegations of Paragraph 45.

46. HP denies that any HP products offered for sell or sold in the United States infringe upon the '518 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding AOET's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

47. HP denies that any HP products offered for sell or sold in the United States infringe upon the '518 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Newmax's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

48. HP denies the allegations in Paragraph 48.

49. HP denies the allegations in Paragraph 49.

50. HP denies the allegations in Paragraph 50.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,395,691

51. HP incorporates by reference its responses in Paragraphs 1-40 as if fully restated in this paragraph.

52. HP admits that the '691 Patent is entitled "Optical Image-Capturing Lens Assembly," and was issued on March 12, 2013. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

53. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

54. HP denies the allegations of Paragraph 54.

55. HP denies the allegations of Paragraph 55.

56. HP denies that any HP products offered for sell or sold in the United States infringe upon the '691 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding AOET's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

57. HP denies that any HP products offered for sell or sold in the United States infringe upon the '691 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Newmax's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

58. HP denies the allegations of Paragraph 58.

59. HP denies the allegations of Paragraph 60.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,988,796

60. HP incorporates by reference its responses in Paragraphs 1-40 as if fully restated in this paragraph.

61. HP admits that the '796 Patent is entitled "Image Capturing Lens System, Imaging Device and Mobile Terminal," and was issued on March 24, 2015. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

62. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

63. HP denies the allegations of Paragraph 63.

64. HP denies the allegations of Paragraph 64.

65. HP denies the allegations of Paragraph 65.

66. HP denies that any HP products offered for sell or sold in the United States infringe upon the '796 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding AOET's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

67. HP denies that any HP products offered for sell or sold in the United States infringe upon the '796 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Newmax's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

68. HP denies the allegations of Paragraph 68.

69. HP denies the allegations of Paragraph 69.

70. HP denies the allegations of Paragraph 70.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT NO. 9,146,378

71. HP incorporates by reference its responses in Paragraphs 1-40 as if fully restated in this paragraph.

72. HP admits that the '378 Patent is entitled "Image Capturing Lens Assembly, Image Capturing Device and Mobile Terminal," and was issued on September 29, 2015. HP lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

73. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

74. HP denies the allegations of Paragraph 74.

75. HP denies the allegations of Paragraph 75.

76. HP denies that any HP products offered for sell or sold in the United States infringe upon the '378 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding AOET's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

77. HP denies that any HP products offered for sell or sold in the United States infringe upon the '378 Patent. HP lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Newmax's alleged infringement, and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

78. HP denies the allegations of Paragraph 78.

79. HP denies the allegations of Paragraph 79.

80. HP denies the allegations of Paragraph 80.

## PRAYER FOR RELIEF

HP denies that Largan is entitled to any of the requested relief made in Paragraphs A-F of the "Prayer for Relief" or to any other relief.  HP further denies any allegations asserted under the heading "Prayer for Relief."

**General Denial**

HP denies each and every allegation contained in the Complaint that was not specifically admitted above.

**ADDITIONAL DEFENSES**

HP states the following defenses in response to the allegations in the Complaint, without assuming the burden of proof as to any such defense that would otherwise rest with Plaintiff and undertaking the burden of proof only as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein.  In addition to the additional defenses described below, HP reserves all rights to allege additional defenses that become known through the course of discovery:

**FIRST DEFENSE**
**Failure to State a Claim**

Largan's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**Non-Infringement**

HP has not infringed any valid and enforceable claim of any of the patented asserted in the Complaint

**THIRD DEFENSE**
**Invalidity**

The claims of the patents asserted in the Complaint are invalid for failure to comply with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 102, 103, and/or 112.

**FOURTH DEFENSE**
**Laches, Waiver, Estoppel, Unclean Hands, Acquiescence, License**

11

Largan's claims are barred by the doctrines of laches, waiver, equitable estoppel, unclean hands, acquiescence, and/or license (express or implied), and thus Larga is precluded from recovering any damages from HP for the allegedly wrongful conduct and from obtaining injunctive relief.

## FIFTH DEFENSE
## No Injunctive Relief

Largan is not entitled to injunctive relief as a matter of law.

## SIXTH DEFENSE
## Prosecution History Estoppel

By virtue of statements or amendments made, or positions taken during the prosecution of the application for patents asserted in the Original Complaint, Largan is estopped from construing any allegedly infringed claims of the patents to cover or include any HP product, or any method performed, in whole or in part, by HP.

## SEVENTH DEFENSE
## Limitation on Damages

Any claim for damages made by Largan is limited under 35 U.S.C. § 287 to only such damages as occurred after proper and sufficient notice to HP by Largan.

## EIGHTH DEFENSE
## No Costs

Any claim for costs made by Largan is precluded under 35 U.S.C. § 288.

## NINTH DEFENSE
## Government Sales

Any claim for damages made by HP is limited under 28 U.S.C. § 1498(a) to the extent the accused products were sold to the United States or used or manufactured by or for the United States.

## TENTH DEFENSE
## Statute of Limitations

Largan's claims are barred, in whole or in part, by the applicable statutes of limitations.

## ELEVENTH DEFENSE
### Inventorship

One or more of the patents asserted in the Complaint is invalid, void, or unenforceable for failure to comply with inventorship requirements.

## TWELFTH DEFENSE
### Implied License

To the extent any of the patents asserted in the Complaint have been licensed to a supplier or customer of HP, Largan's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

## REQUEST FOR RELIEF

HP respectfully requests that the Court grant the following relief:

a.  dismissal of Largan's Complaint with prejudice;

b.  a finding that HP has not infringed and is not infringing any valid and enforceable claim of any patent asserted in the Complaint;

c.  a finding that each claim of the patents asserted in Largan's Complaint are invalid;

d.  a finding that Largan's "Counts" are barred by the doctrines of laches, waiver, estoppel, unclean hands, acquiescence, or license;

e.  a finding that Largan is not entitled to any of its requested relief;

f.  injunctive relief preventing Largan, its officers, employee, agents, and those in privity with any of them, from directly or indirectly charging or instituting any action for infringement of any of the patents asserted in the Complaint against HP or any person or entity in privity with HP;

g.  a finding that this case is exceptional under 35 U.S.C. § 285, and an aware of attorneys' fees to HP;

h.  a finding that Largan is barred from obtaining any costs associated with this action;

i.  an award of costs to HP; and

j.  such other and further relief as this Court may deem appropriate.

Dated:  December 17, 2019    MAYNARD COOPER & GALE, L.L.P.

By */s/ Melissa R. Smith*
Sasha G. Rao (SBN 244303)
srao@maynardcooper.com
Brandon Story (SBN 289090)
bstroy@maynardcooper.com
MAYNARD COOPER & GALE, L.L.P.
Transamerica Pyramid Center
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone:  415.646.4703
Facsimile:  205.714.6415

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

Attorneys for Defendant HP INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of December, 2019.

                              /s/ Melissa R. Smith
                              Melissa R. Smith