Sasha G. Rao (SBN 244303)
srao@maynardcooper.com
Brandon H. Stroy (SBN 289090)
bstroy@maynardcooper.com
MAYNARD COOPER & GALE, LLP
600 Montgomery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 646-4700
Fax: (205) 254-1999

*Attorneys for Defendant HP Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> ABILITY OPTO-ELECTRONICS TECHNOLOGY CO., LTD.; AND HP INC., <br><br> Defendants. | Case No. 3:20-cv-06607-JD <br><br> **DEFENDANT HP INC.'S UNOPPOSED MOTION TO APPROVE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY (LETTERS ROGATORY)** |

Defendant HP Inc. ("HP") respectfully requests that this Court approve its request for international judicial assistance in procuring evidence from third-party Genius Electronic Optical Co., Ltd. ("Genius"). Counsel for Plaintiff Largan Precision Co., Ltd. ("Largan") has indicated that Largan does not oppose this Motion. Specifically, HP respectfully requests that the Court sign and affix its seal to the accompanying proposed Letters Rogatory, and return the same with original signatures and seals to HP's counsel for forwarding to the United States Department of State, stating as follows:

**I.      INTRODUCTION**

Pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), HP respectfully moves the Court for issuance of Letters Rogatory to obtain documents from foreign

1

Taiwanese third-party Genius. This foreign third-party possesses documents and knowledge to be used at trial in support of HP's defenses against Largan's allegations of infringement. Accordingly, HP respectfully requests that the Court grant this Motion and issue Letters Rogatory on behalf of HP for transmittal to the Appropriate Judicial Authority of Taiwan.

## II.     FACTUAL BACKGROUND

Largan asserts that HP infringes U.S. Patent Nos. 7,274,518 ("the '518 patent"); 8,395,691 ("the '691 patent"); 8,988,796 ("the '796 patent"); and 9,146,378 ("the '378 patent") (collectively, the "Asserted Patents") based on HP's alleged incorporation of Ability Opto-Electronics Technology Co., Ltd.'s ("AOET") optical lenses into HP's laptops. (*See* Complaint, Dkt. No. 1). The technology described and claimed in the Asserted Patents relates to optical image-capturing lens systems, and specifically, the design and measurements of the lens elements that make up those lens systems.

In support of HP's defenses against Largan's infringement claims, HP is diligently pursuing discovery from Largan. In order to ensure its investigation is exhaustive, HP seeks discovery regarding the prior public use or sale of products embodying Largan's Asserted Patents in support of HP's prior public use or sale defense under 35 U.S.C. § 102(b). Additionally, in support of HP's defense regarding limitation of pre-suit damages under 35 U.S.C. § 287, HP seeks discovery regarding any evidence that Genius products that were alleged to infringe or that are covered by any license with Largan were marked with Largan patent numbers, or that Largan required such marking to occur. Largan previously sued Genius for making and selling optical lenses for alleged infringement of the '691 patent, one of the patents at issue in this case. *See Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.*, Case No. 3:13-cv-02502-JD (N.D. Cal., filed on June 4, 2013) ("*Genius* case"). That case was litigated for several years in this Court, going through claim construction and summary judgment. For a prior public use or sale defense, the relevant third-party seller of lenses covered by the '691 patent is Genius. And Genius' marking of its accused and/or licensed products with the '691 patent number is relevant to the availability of pre-suit damages. Because information related to the sales and marking of these lenses includes Genius's internal and proprietary information, HP now seeks discovery of this information that

may not be available from Largan or from public sources.

The Letters Rogatory that are the subject of this Motion, attached hereto as Appendix A, solicit assistance from the Appropriate Judicial Authority of Taiwan to obtain from Genius documents relevant to HP's defenses.  Genius is headquartered in Taiwan.  HP is thus unable to secure the requested discovery from third-party Genius through domestic discovery, such as a subpoena pursuant to Federal Rule of Civil Procedure 45.  In addition, Taiwan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and thus Hague Convention proceedings are likewise unavailable.

Further, because the information that HP seeks under the Letters Rogatory relates to internal and proprietary information about lens components sold by Genius, Largan is unlikely to possess complete information concerning these components even if Largan received this information through discovery in the prior *Genius* case.  Thus, HP is not able to obtain complete discovery on this matter from Largan.

### III.   ARGUMENT

Letters rogatory are the appropriate method of gathering necessary evidence, whether documents or testimony, in a foreign country like Taiwan that is not party to the Hague Convention. *See, e.g.*, U.S. Dep't of State, *Preparation of Letters Rogatory*, available at https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html ("Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement.").

Specifically, letters rogatory are used as a formal request "from a court in which an action is pending, to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness").  It is well established that the federal district courts have authority to issue letters rogatory.  *See* 28 U.S.C. § 1781; 22 C.F.R. § 92.54; Fed. R. Civ. P. 28(b); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958) (courts have "inherent power to issue Letters Rogatory").

Whether to issue letters rogatory is a matter of discretion for the court. *See Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17CV03695MMCJSC, 2020 WL 887945, at *1 (N.D. Cal. Feb. 24, 2020) (internal citations omitted). Under the scope of discovery provided by the Federal Rules, "[p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26.

The attached Letters Rogatory request that a Taiwanese court compel Genius to produce documents and information described in the Letters. As can be seen from the Letters Rogatory and the exhibits attached thereto (*see* **Appx. A**), HP's discovery requests are reasonably calculated to lead to the discovery of admissible evidence relating to lens components manufactured and sold by Genius that may impact the validity of the asserted patents, Largan's prior assertion of the '691 patent against Genius, and/or the viability of Largan's damages claims in this case.

## IV.  CONCLUSION

For the foregoing reasons, HP respectfully requests that the Court grant HP's Motion, sign and affix its seal to the Letters Rogatory attached hereto, and return the same with original signatures and seals to HP's counsel for forwarding to the United States Department of State.

DATED: January 8, 2021                    MAYNARD, COOPER & GALE, LLP

*/s/ Brandon H. Stroy*
Brandon H. Stroy
Sasha G. Rao

Attorneys for Defendant HP Inc.

## STATEMENT OF NONOPPOSITION

Pursuant to Local Rule 7-3, over the course of December 17-29, 2020, counsel for HP conferred with counsel for Largan via email and teleconference. On December 30, 2020, counsel for Largan indicated via email that Largan does not oppose the relief requested in this Motion.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2021, I caused the foregoing to be electronically filed via the CM/ECF system, which will send notice of such filing to all registered CM/ECF participants.

January 8, 2021                    /s/ *Brandon Stroy*

                                                      Brandon H. Stroy